

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. T. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-3242
Re: Collection of fine and costs
    in Justice Court and related
    matter.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"In making an audit of our Justices of the
Peace, we find quite a number of misdemeanor cases
on their dockets that have not been reported to
the County. In most of these cases judgment has
been rendered and fine imposed.

"When these cases are brought to the attention
of the Justices they contend their responsibility
ends when the defendant is found guilty and is
placed in the custody of the Sheriff or Constable.
The arresting officers contend that in many cases
judgment is rendered and fine assessed and yet
the defendant is given his freedom by the Justice
of the Peace. One of several reasons might be
given for this action by the Justice. After
several weeks have passed it is difficult to tell
with any degree of certainty by whom the con-
victed party might have been released. To clear
up this matter please give us your opinion on
the following questions:

"In misdemeanor cases where judgment is ren-
dered and fine imposed to whom should the County
Auditor look for collection of fines and costs?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. T. Walters, Page 2

"In cases where the docket of the Justice of the Peace shows a person was charged with a misdemeanor but no further action is shown what evidence should the Justice furnish in removing such cases from his docket? How long should such cases be permitted to remain on the dockets before definite information as to their status is given, or final disposition is made?

"In your consideration of the above questions please bear in mind Smith County operates on the Officer's Salary Law through out."

Articles 909, 916, 917, 918, 920 and 698, Vernon's Annotated Texas Code of Criminal Procedure, read as follows:

"Art. 909. When the jury have agreed upon a verdict, they shall bring the same into court; and the justice shall see that it is in proper form and shall enter it upon his docket and render the proper judgment thereon."

"Art. 916. All judgments and final orders of the justice court shall be rendered in open court and entered upon his docket.

"Art. 917. The judgment, in case of conviction in a criminal action before a justice of the peace, shall be that the State of Texas recover of the defendant the fine and costs, and that the defendant remain in custody of the sheriff until the fine and costs are paid; and that execution issue to collect the same.

"Art. 918. If the defendant be not in custody when judgment is rendered, or if he escapes from custody thereafter, a capias shall issue for his arrest and confinement in jail until he is legally discharged.

"Art. 920. A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1. That he is too poor to pay the fine and costs, and

267

"2. That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

"Art. 698. On each verdict of acquittal or conviction, the proper judgment shall be entered immediately. If acquitted the defendant shall be at once discharged from all further liability upon the charge for which he was tried; provided that, in misdemeanor cases where there is returned a verdict, or a plea of guilty is entered and the punishment assessed is by fine only, the Court may on written request of the defendant and for good cause shown, defer judgment until some other day fixed by order of the Court; but in no event shall the judgment be deferred for a longer period of time than six (6) months. On expiration of the time fixed by the order of the Court, the Court or Judge thereof, shall enter judgment on the verdict or plea and the same shall be executed as provided by Chapter 4, Title 9, of the Code of Criminal Procedure of the State of Texas. Provided further, that the Court or Judge thereof, in the exercise of sound discretion may permit the defendant where judgment is deferred, to remain at large on his own recognizance, or may require him to enter into bond in a sum at least double the amount of the assessed fine and costs, conditioned that the defendant and sureties, jointly and severally, will pay such fine and costs unless the defendant personally appears on the day set in the order and discharges the judgment in the manner provided by Chapter 4, Title 9 of the Code of Criminal Procedure of the State of Texas; and for the enforcement of any judgment entered, all writs,

Honorable B. T. Walters, Page 4

processes and remedies of the Code of Criminal
Procedure are made applicable so far as nec-
essary to carry out the provisions of this
Article."

Article 381, Vernon's Annotated Texas Penal Code,
reads as follows:

"Art. 381. Whenever any officer who is
by law charged with the issuance or execution
of process, either in civil or criminal actions
corruptly and wilfully refuses to issue or exe-
cute such process, or corruptly or wilfully
refuses to perform any other duty enjoined
upon him by law, he shall, when the act or
omission is not otherwise provided for or pun-
ished, be fined not exceeding five hundred
dollars, and may be imprisoned in jail not
exceeding one year."

We quote from Vol. 12, Texas Jurisprudence, Crim-
inal Law, Proceedings in Justice Courts, Section 436, pages
837 and 838, as follows:

"'When the jury have agreed upon a ver-
dict, they shall bring the same into court;
and the justice shall see that it is in proper
form and shall enter it upon his docket and
render the proper judgment thereon.'

"In case of conviction the judgment

'shall be that the State of Texas recover of the
defendant the fine and costs, and that the defen-
dant remain in custody of the sheriff until the
fine and costs are paid; and that execution
issue to collect the same.'

"'All judgments and final orders of the
justice shall be rendered in open court and
entered upon his docket.' It is the better
practice to enter the judgment in the docket
contemporaneously with its pronouncement, but
delay in making the entry will not invalidate
the judgment. No formal judgment is necessary;

Honorable B. T. Walters, Page 5

any entry showing the result is a sufficient judgment. File papers and a judgment of conviction are not rendered inadmissible in evidence by the fact that the justice's filemark does not show the precinct of which he was justice. The statute does not require that the defendant be present when the judgment is rendered, and the judgment is not invalidated by the fact that he is not present when it is entered in the docket.

"'If the defendant be not in custody when judgment is rendered, or if he escapes from custody thereafter, a capias shall issue for his arrest and confinement in jail until he is legally discharged.'"

Article 787, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law. A certified copy of such judgment shall be sufficient to authorize such imprisonment."

Article 577, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"The district or county attorney may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge."

When a defendant is convicted in justice court it is the duty of the justice to render judgment that the State of Texas recover of the defendant the fine and costs, and that the defendant (if present) remain in the custody of the sheriff (or constable as the case may be) until the fine and costs are paid. When this character of judgment is rendered it then becomes the duty of the sheriff or

Honorable B. T. Walters, Page 6

constable having custody of the defendant to retain custody
of said defendant until the fine and costs are paid, unless
the judgment is superseded by the granting of a new trial
or same is appealed from within the time allowed by law. A
certified copy of the judgment will authorize such imprison-
ment. The justice has no pardoning power and has no authority
to extend credit to the defendant. However, the justice has
the power to defer the judgment provided he does so in
the prescribed manner set out in Article 698, supra. The
power to defer the judgment under Article 698, supra, how-
ever, does not authorize the justice to interefere with the
collection of his judgment after it is entered and has
become final.

If the defendant is not present at the time the
judgment is rendered in justice court it then becomes the
duty of the justice to issue a capies for the defendant.
After the capies is issued it then becomes the duty of the
sheriff or constable to execute it by arresting the de-
fendant and by holding him in custody until his fine and
costs are legally discharged.

The justice is a judicial officer - it is his
duty to render the proper judgment and issue any process
that may be necessary to enforce the judgment; but he is
not an enforcing or collecting officer. The sheriff or
constable is the enforcing or collecting officer - if
the defendant be present when the justice renders his
judgment, it is the duty of such officer to enforce the
judgment and should disregard any unlawful instructions
of the justice to extend credit to the defendant. If
the justice decided to give the defendant a new trial
and set aside his judgment, that would be another matter.
If the defendant were not present at the time the justice
rendered his judgment the justice is required to issue a
capies and the constable or sheriff is required to serve
it. If the justice wilfully and corruptly refused to
issue a capies he would be subject to prosecution under
Article 381, V. A. T. P. C., supra. Likewise, if the
sheriff or constable wilfully and corruptly refused to
execute the capies he would be subject to prosecution
under Article 381, V. A. T. P. C., supra. In a proper
case the failure to issue or execute process would per-
haps constitute grounds for removing the justice, sheriff
or constable, as the case may be, from office.

You are respectfully advised that it is the opinion of this department that you should ordinarily look to the sheriff or constable as the case may be for the collection of fines and costs in misdemeanor cases. However, in some cases such officers may be justified in their failure to collect or enforce the judgment by virtue of their inability to secure capiases from the justices. And in some cases you may find that they neglect to serve and execute the capiases delivered to them by the justice. The facts in each particular case will determine where the neglect of duty lies.

Article 916, V. A. C. C. P., supra, provides that all judgments and orders of the justice shall be rendered in open court and entered upon his docket. Article 1081, V. A. C. C. P., requires the justice to keep a book in which shall be entered the number and style of each criminal action in his court, etc. Article 577, V. A. C. C. P., supra, provides that criminal cases may be dismissed on the written motion of the district or county attorney with the consent of the presiding judge, etc.

It is our opinion that the justice should place on his docket all cases filed in his court and that his docket should show the disposition of the case, if any, such as conviction, acquittal or dismissal. If a criminal case is filed with the justice and is not tried or dismissed, we think it is within the sound discretion of the justice and county attorney as to what length of time they will allow it to pend in justice court prior to a dismissal thereof, as the matter of dismissing criminal cases in justice court is a matter to be decided jointly by the county attorney and by the justice of the peace, as provided by Article 577, V. A. C. C. P., supra.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

APPROVED MAR 25, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:CO

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN